IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| JULIO VIRGEN, on behalf of himself and other persons similarly situated,<br>    Plaintiff,<br><br>vs.<br><br>US COATINGS, INC.,<br>    Defendant. | Case No.:<br><br><br>COLLECTIVE ACTION COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff Julio Virgen, through his attorney LaRue Haigler III, files this Collective Action Complaint against Defendant US Coatings, Inc.

## NATURE OF THE ACTION

1. This is an action by Julio Virgen ("Plaintiff") on behalf of himself and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages. Plaintiff was employed as a sandblaster and painter by Defendant US Coatings, Inc. ("Defendant"). While working for the Defendant, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2. Plaintiff seeks to recover from Defendant unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of himself and other similarly situated employees who worked for Defendants during the past three years. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. Id.

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

COLLECTIVE ACTION COMPLAINT - 1

4. Venue is proper in this Court because Defendant's principal place of business is located in the Southern District of Alabama. See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Julio Virgen

5. Plaintiff is a resident of Louisiana.

6. Plaintiff was hired by Defendant in approximately June 2016 and worked for Defendant until approximately September 2016.

7. Plaintiff worked for Defendant at several projects at shipyards located throughout the United States, including South Carolina, Wisconsin, and Indiana. Each of Defendant's projects were staffed by at least twelve other laborers.

8. Plaintiff worked as a sandblaster and painter. In connection therewith, Plaintiff performed duties related to painting and sandblasting ships.

9. Defendant paid Plaintiff $17.00 per hour. For every hour that he worked in excess of forty in any particular week he was still only paid $17.00 per hour.

10. At all relevant times, Plaintiff and the members of the proposed Plaintiff Class were "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Defendant US Coatings, Inc.

11. Defendant US Coatings, Inc. ("USC") is a corporation organized under the laws of Alabama with its principal place of business in Irvington, Alabama.

12. USC is a is a full service Marine Coatings applicator contractor with extensive experience in all methods of surface preparation and coating applications. USC provides its services to commercial and military clients.

13. USC supervised the day to day work activities of Plaintiff.

COLLECTIVE ACTION COMPLAINT - 2

14. USC determined Plaintiff's work schedule for the employment at issue herein.

15. USC maintains an employment file for Plaintiff.

16. USC is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

17. USC is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

18. Defendant is a Marine Coatings applicator contractor that provides its services to commercial and military clients throughout the United States.

19. Defendant employed at least twelve manual laborers at each project.

20. Plaintiff normally worked more than 40 hours a week for Defendant. On average, Plaintiff worked at least 60 hours per week. Defendant often required Plaintiff to work at least six days per week.

21. Plaintiff was usually paid by check. The check bore the name "US Coatings, Inc."

22. Defendant never paid Plaintiff one-and-half times his hourly rate for all hours worked in excess of forty in a workweek.

23. Defendant willfully violated Plaintiff's rights under the FLSA because Defendant knew or showed reckless disregard for the fact that its compensation practices violated the FLSA. Defendant is and was aware of the custom and practice of overtime pay from its experience and expertise in the industry in which it works.

## COLLECTIVE ACTION ALLEGATIONS

COLLECTIVE ACTION COMPLAINT - 3

24. Defendant paid the named Plaintiff and other similarly situated employees at an hourly rate for work performed.

25. Defendant treated the named Plaintiff and other similarly situated employees as exempt from the FLSA's overtime requirements.

26. When the named Plaintiff and other similarly situated employees worked for Defendant, they were not exempt from the FLSA's overtime requirement.

## COUNT I
## Fair Labor Standards Act – FLSA Overtime Class

27. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

28. Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as a putative collective action on behalf of himself and an "FLSA Overtime Class," consisting of all current and former employees of the Defendant who are or have been employed by Defendant during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

29. Defendant willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least April 2014 and continuing until the present.

30. As a consequence of Defendant's FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment in his favor against Defendant and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendant's conduct violated the FLSA;

d. Enjoining Defendant from violating the FLSA's overtime and minimum wage provisions;

e. Awarding Plaintiff his reasonable attorneys' fees and costs of this action;

f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g. Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

May 5, 2017

*Respectfully Submitted,*

*/s/ LaRue Haigler III*
LaRue Haigler III (#33168)
The Law Office of LaRue Haigler III
3801 Canal St., Suite 211
New Orleans, LA 70119
Phone: 504.343.6781
Fax: 504.482.2288
Email: lhaigler@haiglerlaw.com