# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JULIO VIRGEN, *on behalf of himself and other persons similarly situated*, Plaintiff, | ) ) ) ) ) |
| v. | ) CIVIL ACTION NO. 17-00198-KD-N ) |
| US COATINGS, INC., Defendant. | ) ) ) |

## REPORT AND RECOMMENDATIONS

This action is before the Court on the motion to voluntarily dismiss with prejudice under Federal Rule of Civil Procedure 41(a)(2) (Doc. 32) filed by Plaintiff Julio Virgen ("the Plaintiff"), and the timely filed response thereto (Doc. 35) of Defendant U.S. Coatings, Inc. ("USC"), which also moves for imposition of sanctions against the Plaintiff and his counsel. The Court has referred these matters to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (8/10/2017 electronic references).

### I. *Analysis*

#### a. **Motion to Voluntarily Dismiss**

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).[1] The Plaintiff requests that this Court "issue an order

---

[1] Because USC had filed and served both an answer (Doc. 13) and a motion for summary judgment (Doc. 14) prior to Virgen's filing of the motion to voluntarily dismiss, the motion cannot be considered a self-effecting notice of dismissal under

dismissing all claims against Defendant US Coatings, Inc., with prejudice, with the parties to bear their own costs." (Doc. 32 at 1). USC agrees that "this entire case should be dismissed with prejudice" but argues that the Plaintiff should be made to bear at least some of USC's costs. (*See* Doc. 35 at 1, 5). USC further argues that the dismissal order should "include language addressing claims that Virgen may later attempt to assert under a fake identity, alias, or alternative name." (*Id.* at 1). Indeed, USC's proposed order of dismissal indicates that it wishes this Court to "forever bar" Virgen from asserting any claims that "were asserted or could have been asserted in this action by Julio Virgen, or by any name, alias, and/or identity Julio Virgen allegedly used during any alleged employment with Defendant..." (Doc. 35-1 at 1).

> A district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2), Fed. R. Civ. P. *Pontenberg v. Boston Scientific Corp.,* 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam). Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit. *Id.; Fisher*[ *v. Rico Marine Mgmt., Inc.*]*,* 940 F.2d [1502,] 1502–03[ (11th Cir. 1991) (per curiam] (citing *Durham v. Fla. E. Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir.1967)).
>
> The purpose of Rule 41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 856 (11th Cir.1986) (citation and internal quotation marks omitted). We must consider the crucial question of whether "the defendant [would] lose any substantial right by the dismissal."

---

Rule 41(a)(1)(A)(i). Because the motion is not "signed by all parties who have appeared," it also cannot be considered a self-effecting stipulation of dismissal under Rule 41(a)(1)(A)(ii).

> *Pontenberg,* 252 F.3d at 1255 (citation omitted). But, ultimately, the determination of whether to grant such a dismissal falls within the sound discretion of the district court. *Fisher,* 940 F.2d at 1503 (citing *LeCompte,* 528 F.2d at 604). While the district court "should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants," *id.,* the court should also weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate. *McCants,* 781 F.2d at 857.

*Arias v. Cameron*, 776 F.3d 1262, 1268–69 (11th Cir. 2015).

Here, USC has not identified any clear legal prejudice beyond "the mere prospect of a subsequent lawsuit" that would justify the sweeping dismissal it seeks of any and all claims the Plaintiff could have asserted against USC in this action. Moreover, the Plaintiff has agreed to the dismissal of the claims he asserts in this action *with prejudice*; the doctrine of *res judicata* therefore offers sufficient protection against any future lawsuits by the Plaintiff against USC. *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) ("Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding."); *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990) ("The phrases 'with prejudice' and 'on the merits' are synonymous terms, both of which invoke the doctrine of claim preclusion. The district court's order dismissing Data Lease's third-party complaint against the directors with prejudice, entered by stipulation of the parties pursuant to Rule 41(a), is a 'final judgment on the merits.' "). However, the undersigned agrees to USC's proposal that the order of dismissal make clear that it applies to the claims of the person Plaintiff, regardless of what other names, identities, etc. he may go by. Additionally, the

undersigned finds that the Court should decline the Plaintiff's request that the parties be ordered to bear their own costs in conjunction with the dismissal and instead stay silent on the issue of costs when dismissing this action. To the extent USC believes it is entitled to costs pursuant to the dismissal, USC should seek them under the procedure in S.D. Ala. CivLR 54.

Accordingly, the undersigned finds that the Plaintiff's Rule 41(a)(2) motion to voluntarily dismiss is due to be **GRANTED in part** and **DENIED in part**, such that all claims asserted in this action by the person Plaintiff, who has identified himself as Julio Virgen in this action but may go by other names, aliases, identities, etc., be **DISMISSED with prejudice**, without a contemporaneous determination as to costs.[2]

### b. Rule 11 Sanctions

When a party seeks sanctions under Federal Rule of Civil Procedure 11 by motion, that Rule requires the motion "be made separately from any other motion…" Fed. R. Civ. P. 11(c)(2). Additionally, the Rule provides the following "safe harbor" provision for non-movants: "The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.* USC's request for Rule 11 sanctions is embedded within a response to a motion and is one of several

---

[2] The undersigned further finds that USC's request to dismiss or strike the complaint as frivolous under S.D. Ala. CivLR 41(d), and its pending motion for summary judgment (Doc. 14), are due to be **DENIED as moot** should this recommendation be adopted.

requests for relief sought by USC in the response. Moreover, there is no indication that USC has complied with Rule 11(c)(2)'s "safe harbor" provision. For these reasons, the undersigned finds that that USC's request for Rule 11 sanctions is due to be **DENIED**.

### c. Sanctions under 28 U.S.C § 1927

> "To justify an award of sanctions pursuant to section 1927, an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). An attorney multiplies the proceedings unreasonably and vexatiously "only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.' " *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (citation omitted). Bad faith is an objective standard that is satisfied when an attorney knowingly or recklessly pursues a frivolous claim. *Id.* at 1241.

*Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010).

The record does not support a determination that the Plaintiff's counsel have unreasonably and vexatiously multiplied these proceedings. The complaint (Doc. 1) was filed on May 5, 2017; counsel promptly served USC on May 22, 2017, and filed notice of same with the Court. (*See* Doc. 12). Plaintiff's counsel complied with the Plaintiff's obligations under the preliminary scheduling order by timely filing responses to the Court's interrogatories (*see* Docs. 19, 21); timely filing a response to USC's motion for summary judgment, supported by evidence, without requesting an extension of time (*see* Doc. 22); and filing the Plaintiff's motion to voluntarily dismiss at 1:55 p.m. (Central Standard Time) three days before the date of the evidentiary hearing.

In requesting sanctions under § 1927, USC largely complains that the Plaintiff's counsel repeatedly rebuffed requests made by USC's counsel for evidence that the Plaintiff was employed by USC. While informal cooperation over such a seemingly simple point might have been a more prudent course, the Plaintiff did not act inappropriately under the Federal Rules of Civil Procedure in refusing to provide such evidence. USC has cited no Rule or other authority that would have required the Plaintiff to present evidence in support of his complaint at the outset of the case, and under Federal Rule of Civil Procedure 26(d)(1), generally a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)…" No such conference has ever occurred in this action. Additionally, the Court's preliminary scheduling order (Doc. 19), entered five days after USC filed its answer and motion for summary judgment, waived the initial disclosure requirements of Federal Rule of Civil Procedure 26(a)(1) and stayed all discovery in this action, with limited inapplicable exceptions. In light of these considerations, the undersigned cannot say that sanctions against the Plaintiff's counsel under § 1927 are justified in this case. Accordingly, the undersigned finds that USC's request for § 1927 sanctions is due to be **DENIED**.

### d.   Sanctions under Court's Inherent Power

Courts have the inherent power to police those appearing before them. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 111 S. Ct. 2123, 2133, 115 L. Ed. 2d 27 (1991). A court's inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 43, 111 S. Ct. at 2132 (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962)). This

power "must be exercised with restraint and discretion" and used "to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44–45, 111 S. Ct. at 2132–33. A court may exercise this power "to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, ––––, 133 S. Ct. 1166, 1175, 185 L. Ed. 2d 242 (2013) (citing *Chambers*, 501 U.S. at 45–46, 111 S. Ct. at 2133–34). The dual purpose of this power is to vindicate judicial authority without resorting to a contempt of court sanction and to make the prevailing party whole. *See Chambers*, 501 U.S. at 46, 111 S. Ct. at 2133. The key to unlocking a court's inherent power is a finding of bad faith…

…

…The purpose of the inherent power is both to vindicate judicial authority without resorting to contempt of court sanctions and to make the non-violating party whole. *See Chambers*, 501 U.S. at 45–46, 111 S. Ct. at 2133. The inherent power must be exercised with restraint and discretion. **This power is not a remedy for protracted litigation**; it is for rectifying disobedience, regardless of whether such disobedience interfered with the conduct of the trial. *See id.* at 44, 111 S. Ct. at 2132. Courts considering whether to impose sanctions under their inherent power should look for disobedience and be guided by the purpose of vindicating judicial authority.

*Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223, 1225 (11th Cir. 2017) (emphasis added).

"[T]he standard for inherent power sanctions…is a subjective standard with a narrow exception for conduct tantamount to bad faith. Furthermore, recklessness alone does not constitute conduct tantamount to bad faith…[I]n the absence of direct evidence of subjective bad faith, this standard can be met if an attorney's conduct is so egregious that it could only be committed in bad faith. This is not the

same as simple recklessness, which can be a starting point but requires something more to constitute bad faith." *Id.* at 1223-25 (citation omitted).

In support of sanctions, USC claims:

> [T]his lawsuit never should have been filed. It certainly should not have continued to be prosecuted after USC, with no cooperation or candor by Virgen's counsel, exposed the numerous instances where Virgen and his counsel deceptively concealed or outright misrepresented- both to USC and to the Court- the true facts concerning Virgen's various identities. [A]s a result of USC's pending motions and request for an evidentiary hearing,…Virgen's counsel finally acknowledged that "Julio Virgen" did not work for USC as alleged, but, instead, worked for USC under a false identity. Even then, however, Virgen's counsel was unwilling or unable to provide the identity or alias Virgen allegedly used while working for USC. Subsequently, and only in an effort to avoid the fast approaching evidentiary hearing scheduled on August 10, 2017, Virgen's counsel did provide via email the name "Robert Martinez," which Virgen's counsel claimed was a name his client had "used . . . in the past."

(Doc. 35 at 1 – 2. *See also* Doc. 35-2). USC asserts this Court must conclude from the above that the Plaintiff and his counsel "perpetuated [a] fraud by insisting in numerous pleadings filed with the Court that 'Julio Virgen' was employed by USC." (*Id.* at 4). As sanctions, USC demands the following: "(i) an admonishment to Virgen's counsel for their lack of candor and/or outright misrepresentations to the Court and USC's counsel concerning Virgen's identity, and (ii) the reimbursement of USC's reasonable attorney's fees and expenses incurred to prepare its Motion for Summary judgment and related briefing (Docs. 14, 28) and its Request for Relief from the Rule 16(b) Scheduling Order. (Doc. 29)[,]" as well as "any other relief or sanctions the Court deems just and appropriate." (*Id.* at 5).

"If particularly egregious, the pursuit of a claim without reasonable inquiry into the underlying facts can be the basis for a finding of bad faith" to invoke the Court's inherent powers. *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). However, there is no direct evidence of subjective bad faith in the record, and the undersigned does not find that the conduct of either the Plaintiff or his counsel was "so egregious that it could only be committed in bad faith." Both in his sworn responses to the Court's interrogatories (Doc. 21) and in his declaration in opposition to USC's motion for summary judgment (Doc. 22-1), the Plaintiff provided a number of non-conclusory factual assertions supporting his contention that he had been a USC employee, as well as a badge providing some indicia of involvement with USC (Doc. 22-2). USC insists that the Plaintiff should have provided something more in support of his claims of having been a USC employee – a W-2 form, a USC paycheck, etc. (*see* Doc. 28 at 2); however, " '[c]ourts routinely and properly deny summary judgment on the basis of a party's sworn testimony even though it is self-serving.' " *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) (quoting *Price v. Time, Inc.*, 416 F.3d 1327, 1345 (11th Cir. 2005)).

It should also be noted that, in support of its motion for summary judgment, USC initially submitted only a declaration of its president, who claimed to have reviewed personnel and payroll records from the time periods alleged in the complaint and found no indication a person named Julio Virgen had been employed with USC during that time. (*See* Docs. 14-1, 28-1, 28-2). In response, the Plaintiff submitted his own declaration asserting that he had been employed with USC

during the relevant period. (Doc. 22-1). To the extent the testimony of USC's president was inconsistent with the Plaintiff's, "[t]he contradiction presents a classic swearing match, which is the stuff of which jury trials are made."[3] *Feliciano*, 707 F.3d at 1253. However, after USC submitted more detailed job site records and payroll records with its reply to further refute the Plaintiff's assertions of employment, and after the Court, on USC's motion, set a hearing on the issue, the Plaintiff chose to voluntarily dismiss his case rather than proceed with the hearing.

Given the brevity of this case, the undersigned is hesitant to accept USC's records as irrefutable proof that the Plaintiff was misrepresenting his employment status with USC all along, since this action never reached the commencement of formal discovery that would have allowed those records to be subject to a more probing inquiry by the parties. While the records may indeed be true and accurate, it is also not unheard of for employers to engage in sloppy record keeping, to employ individuals "off the books," etc. Moreover, there appears to be the possibility that the Plaintiff was employed with USC under an alias.

While USC has admittedly produced strong evidence contradicting the Plaintiff's allegations that he was USC's employee, there is no "smoking gun" proof in the record that these allegations are demonstrably false. Absent such definitive proof, resolving conflicting evidence is generally the province of the trier of fact. *See Combs v. Plantation Patterns*, 106 F.3d 1519, 1530 (11th Cir. 1997) ("issues of fact and sufficiency of evidence are properly reserved for the jury" (quotation

---

[3] The same is true for the declarations submitted by USC with its reply to rebut the Plaintiff's declaration. (*See* Docs. 28-1, 28-2).

omitted)). While the Plaintiff and/or his counsel may have been careless in failing to raise and investigate the Plaintiff's possible use of an alias sooner, this is at most "simple recklessness" insufficient for a finding of bad faith, without more. Indeed, the record shows that, when faced with the strength of USC's evidence produced at summary judgment, and after the matter was set for an evidentiary hearing (which the Plaintiff and/or his counsel could have reasonably interpreted as the Court signaling doubts on the sufficiency of the Plaintiff's evidence), rather than continue to pursue his claims, the Plaintiff instead voluntarily moved to dismiss his claims, with prejudice no less. This cannot be said to be a "particularly egregious…pursuit of a claim without reasonable inquiry into the underlying facts" that would justify a finding of bad faith. *Barnes*, 158 F.3d at 1214.

Accordingly, the undersigned finds that USC's request for sanctions under the Court's inherent power is due to be **DENIED**.

## II. *Conclusion*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that USC's various requests for sanctions (Doc. 35) be **DENIED**, that USC's request to dismiss or strike the complaint as frivolous under S.D. Ala. CivLR 41(d) (Doc. 35) and its pending motion for summary judgment (Doc. 14) both be **DENIED as moot**, and that the Plaintiff's Rule 41(a)(2) motion to voluntarily dismiss (Doc. 32) be **GRANTED in part** and **DENIED in part** such that all claims asserted in this action by the natural person Plaintiff, who has identified himself as Julio Virgen in

this action but may go by other names, aliases, identities, etc., be **DISMISSED with prejudice**, without a contemporaneous determination as to costs.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 15th day of September 2017.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**